IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| OLGER OSWALDO BUNAY GODOY, § § § | |
| Petitioner, § § | CAUSE NO. EP-26-CV-629-KC |
| v. § § | |
| PAMELA BONDI, et al., § § § | |
| Respondents. § | |

### SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT

On this day, the Court considered the case. Yelena Stepanovna Ashlaban filed a Petition for Writ of Habeas Corpus, ECF No. 1, on behalf of her husband, Olger Oswaldo Bunay Godoy.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "[c]ourts do not automatically grant 'next friend' status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner." *Romanov ex rel. Romanova v. Frink*, No. 25-cv-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). To proceed as "next friend" the individual must establish: (1) "an adequate explanation such as inaccessibility, mental incompetence, or other disability of why the real party in interest cannot appear on his own behalf" and (2) that the "next friend" is "truly dedicated to the best interests of the person" and has "some significant relationship with the real party in interest." *Page v. Hogans*, No. 15-cv-597, 2017 WL 11810133, at *1–2 (S.D. Miss. Sept. 5, 2017). "Inability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity are all illustrations of

the proper use of the 'next friend' application." *Weber v. Garza*, 570 F.2d 511, 514 n. 4 (5th Cir. 1978).

Here, Stepanovna Ashlaban meets the second requirement because she is Bunay Godoy's wife. *See* Pet. ¶ 17; *cf. Page*, 2017 WL 11810133, at *2 (finding mother of petitioner proper next friend). As for the first requirement, Stepanovna Ashlaban states that Bunay Godoy does not have "reliable access to legal materials or translation services" at ERO El Paso Camp East Montana, where he is detained. *Id.* ¶ 16. As a result, "[he] is unable to prepare, sign, or file this petition." *Id.* The Court agrees that the lack of reliable access to translation services, when translation services are needed, adequately explains why Bunay Godoy is unable to file the Petition on his own behalf. *See Weber*, 570 F.2d at 514 n. 4; *see, e.g.*, *Dupuy v. Unknown Party*, No. 25-cv-1683, 2025 WL 3653155, at *3 (W.D. Mich. Dec. 17, 2025) (permitting the petitioner, "who is detained in an ICE detention facility with 'limited English proficiency'" to proceed through a next friend). Accordingly, Stepanovna Ashlaban may proceed as next friend.

Turning to the merits of the Petition, Stepanovna Ashlaban argues that Bunay Godoy's detention is unlawful and asks the Court to order his release or a bond hearing. Pet. ¶¶ 31–52; *id.* at 14. She also asks that Respondents be prevented from transferring Bunay Godoy outside of the Western District of Texas while this matter is pending. *Id.* at 14.

Bunay Godoy has been in the country for over two decades. *Id.* ¶ 18. At some point, he was either apprehended by immigration authorities and released, or else otherwise received some form of permission to be at liberty in the country subject to conditions of supervision. *See id.* ¶ 20. On October 25, 2025, Bunay Godoy was arrested "during a scheduled supervision check-in with ICE" and re-detained. *Id.* As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-*

*Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025).  Of course, Respondents are nevertheless permitted to state their position before a ruling.  In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected.  Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Bunay Godoy's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <u>**no later than March 13, 2026**</u>, why the application for a writ of habeas corpus should not be granted.  *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Bunay Godoy from the United States, or (2) transfer Bunay Godoy to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.  *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 6th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE